IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BENNIE MINTON, Individually and On, Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:14-cv-00006 |
| OIL STATES ENERGY SERVICES, L.L.C.; OIL STATES ENERGY SERVICES HOLDING, INC.; OIL STATES INTERNATIONAL, INC.; OIL STATES INDUSTRIES, INC.; and OIL STATES INDUSTRIES (INTERNATIONAL), INC. | § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Oil States Energy Services, LLC. ("Defendant" or "Oil States") files its Answer to Plaintiff's Original Complaint.

1.    The allegation in paragraph 1 of the Complaint is jurisdictional and requires no response.  Defendant denies any violation of the FLSA.

2.    The allegation in paragraph 2 of the Complaint is jurisdictional and requires no response.  Defendant denies any violation of the FLSA.

3.    Defendant denies the allegations contained in paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.       The allegation in paragraph 6 of the Complaint is jurisdictional and requires no response.  Defendant denies any violation of the FLSA.

7.      The allegation in paragraph 7 of the Complaint is jurisdictional and requires no response.  Defendant denies any violation of the FLSA.

8.      With respect to the allegations contained in paragraph 8 of the Complaint, Defendant admits the allegation regarding Plaintiff's residence, and admits that Plaintiff was employed by Defendant.  Defendant denies that Plaintiff was employed by any of the other named Defendants.

9.      With respect to the allegations contained in paragraph 9 of the Complaint, the parties have agreed that Oil States Energy Services, LLC was Plaintiff's employer and it has agreed to waive service and file its answer.

10.      With respect to the allegations contained in paragraph 10 of the Complaint, the parties have agreed that Oil States Energy Services Holding, Inc. is not a proper party and the claims against it should be dismissed.

11.     With respect to the allegations contained in paragraph 11 of the Complaint, the parties have agreed that Oil States International, Inc. is not a proper party and the claims against it should be dismissed.

12.     With respect to the allegations contained in paragraph 12 of the Complaint, the parties have agreed that Oil States Industries, Inc. is not a proper party and the claims against it should be dismissed.

13.     With respect to the allegations contained in paragraph 10 of the Complaint, the parties have agreed that Oil States Industries (International), Inc. is not a proper party and the claims against it should be dismissed.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     With respect to the allegations contained in paragraph 15 of the Complaint, Defendant admits that it does business in the territorial jurisdiction of this Court.  As for the use of the term "OSES" as defined to include entities which were not Plaintiff's employer, the parties have agreed that they are not proper parties to this lawsuit and should be dismissed.

16.     With respect to the allegations contained in paragraph 16 of the Complaint, Defendant admits that it employed Plaintiff.  As for the use of the term "OSES" as defined to include entities which were not Plaintiff's employer, the

parties have agreed that they are not proper parties to this lawsuit and should be dismissed.

17.     With respect to the allegations contained in paragraph 17 of the Complaint, Defendant admits that it initially employed Plaintiff as a driver.  As for the use of the term "OSES" as defined to include entities which were not Plaintiff's employer, the parties have agreed that they are not proper parties to this lawsuit and should be dismissed.

18.     With respect to the allegations contained in paragraph 18 of the Complaint, Defendant admits that it promoted Plaintiff.  As for the use of the term "OSES" as defined to include entities which were not Plaintiff's employer, the parties have agreed that they are not proper parties to this lawsuit and should be dismissed.

19.     Defendant denies the allegations contained in paragraph 19.

20.     With respect to the allegations contained in paragraph 20 of the Complaint, Defendant admits that the emails were sent.  As for the use of the term "OSES" as defined to include entities which were not Plaintiff's employer, the parties have agreed that they are not proper parties to this lawsuit and should be dismissed.

21.     With respect to the allegations contained in paragraph 21 of the Complaint, Defendant admits that the email was sent.  As for the use of the term

"OSES" as defined to include entities which were not Plaintiff's employer, the parties have agreed that they are not proper parties to this lawsuit and should be dismissed.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     With respect to the allegations contained in paragraph 24 of the Complaint, Defendant admits the allegation with respect to Defendant.   As for the use of the term "OSES" as defined to include entities which were not Plaintiff's employer, the parties have agreed that they are not proper parties to this lawsuit and should be dismissed.

25.     With respect to the allegations contained in paragraph 25 of the Complaint, Defendant admits the allegation with respect to Defendant.   As for the use of the term "OSES" as defined to include entities which were not Plaintiff's employer, the parties have agreed that they are not proper parties to this lawsuit and should be dismissed.

26.     With respect to the allegations contained in paragraph 26 of the Complaint, Defendant admits that Plaintiff sometimes worked more than 40 hours per week and sometimes worked less than 40 hours per week.   As for the use of

the term "OSES" as defined to include entities which were not Plaintiff's employer, the parties have agreed that they are not proper parties to this lawsuit and should be dismissed.

28.   With respect to the allegations contained in paragraph 27 of the Complaint, Defendant admits that it reasonably knew Plaintiff sometimes worked in excess of 40 hours per week and sometimes worked less than 40 hours per week. As for the use of the term "OSES" as defined to include entities which were not Plaintiff's employer, the parties have agreed that they are not proper parties to this lawsuit and should be dismissed.

28.   Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.   Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.   Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.   Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.   Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     With respect to the allegations contained in paragraph 34 of the Complaint, Defendant incorporates its previous answers.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.     With respect to the allegations contained in paragraph 41 of the Complaint, Defendant incorporates its previous answers.

42.     Defendant admits the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     With respect to the allegations contained in paragraph 44 of the Complaint, Defendant incorporates its previous answers.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.     With respect to the allegations contained in paragraph 54 of the Complaint, Defendant has not worked with Plaintiff's counsel in the past and does not have sufficient knowledge to admit or deny the allegations.  Defendant denies that this case is appropriate for a collective action.

55.     Paragraph 55 requires no response, but Defendant states that not all issues in this case would be submitted to a jury.

56.     Defendant denies that Plaintiff is entitled to any of the relief set forth in paragraph 56 of the Complaint.

## <u>DEFENSES</u>

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims cannot be maintained as a collective action under the FLSA because Plaintiff is not similarly situated to the other members of the putative class he purports to represent, the existence of which is expressly denied; and, therefore, Plaintiff is an inadequate representative of the putative class members.

3.     Plaintiff's action cannot be maintained as a collective action because the requirements for such an action cannot be met under the facts pleaded.

4.     Plaintiff's action cannot be maintained as a collective action because the allegations, facts, and defenses relating to Plaintiff separately and individually will not support a collective action.

5.     Plaintiff lacks standing to raise some or all of his claims and/or the claims of the members of the putative class he purports to represent against Defendant.

6.     The Complaint is barred because Plaintiff and/or all or some members of the putative class members he purports to represent are exempt from the overtime requirements of the FLSA.

7.     Plaintiff and/or members of the putative class he purports to represent are precluded from recovering any amounts from Defendant where Defendant has paid Plaintiff and/or members of the putative class all sums legally due under the FLSA.

8.     Because liability and/or damages, if any, to Plaintiff and each member of the putative class he purports to represent may not be determined by a single jury and/or on a group-wide basis, allowing this action to proceed as a collective action would violate Defendant's rights under, without limitation, the Seventh and Fourteenth Amendments to the United States Constitution.

9.     The Complaint and each purported cause of action contained therein are barred to the extent they violate Defendant's due process rights under

the United States Constitution or other applicable law, or otherwise violate any of Defendant's constitutionally-protected rights.

10.    Some or all of the disputed time for which Plaintiff and/or members of the putative class he purports to represent seek recovery of wages allegedly owed is not compensable pursuant to the *de minimis* doctrine.

11.    The claims of Plaintiff and/or members of the putative class he purports to represent are barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours that Plaintiff and/or members of the putative class were engaged in activities that were preliminary and/or postliminary to their principal activities.

12.    The claims of Plaintiff and/or members of the putative class he purports to represent are barred by the doctrine of unclean hands.

13.    The claims of Plaintiff and/or members of the putative class he purports to represent are barred by the applicable statutes of limitation governing commencement of suit and/or recovery of relief of any nature, legal or equitable, or otherwise available under the FLSA, including, without limitation, unpaid overtime wages, liquidated damages, prejudgment interest, and attorneys' fees and costs.

14.    The claims of Plaintiff and/or members of the putative class he purports to represent for relief are barred to the extent the relief Plaintiff and/or

members of the putative class seek exceeds that available under the statutes and/or regulations under which Plaintiff brings suit.

15.     The claims of Plaintiff and/or members of the putative class he purports to represent are subject to setoff, offset, and/or recoupment.

16.     Defendant's actions were not intentionally or willfully devised, nor did they operate, to violate the requirement of the statutes and/or regulations at issue.

17.     Defendant's actions were not undertaken with reckless disregard for the requirements of the statutes and/or regulations at issue.

18.     All actions or omissions of Defendant, if any, with regard to Plaintiff's employment and the method of payment of Plaintiff and/or members of the putative class he purports to represent were in good faith and based on good cause and on reasonable grounds for believing that Defendant was complying with the FLSA.

19.     The claims of Plaintiff and/or members of the putative class he purports to represent are barred because Defendant has at all times acted reasonably and in good faith.

20.     The claims of Plaintiff and/or members of the putative class he purports to represent are barred by the doctrine of estoppel.

21.    The claims of Plaintiff and/or members of the putative class he purports to represent are barred by the doctrine of laches.

22.    The Complaint and each and every purported cause of action contained therein are barred in whole or in part to the extent that Defendant has paid all money due to Plaintiff and each member of the putative class he purports to represent.

23.    The Complaint and each and every purported cause of action contained therein are barred to the extent Plaintiff or the members of the putative class he purports to represent consented to the alleged conduct of which they complain.

24.    The claims of Plaintiff and/or members of the putative class he purports to represent are barred to the extent Plaintiff and/or members of the putative class failed to mitigate their alleged damages.

25.    The claims of Plaintiff and/or members of the putative class he purports to represent are barred by the doctrines of payment and accord and satisfaction.

26.    The request of Plaintiff and/or members of the putative class he purports to represent for jury trial is barred as to those claims for which no jury trial is available, such as injunctive and declaratory relief.

27.     The Complaint and each purported cause of action contained therein are barred because recovery from Defendant would result in Plaintiff's unjust enrichment and the unjust enrichment of the putative class members he purports to represent.

28.     Defendant did not suffer or permit work by Plaintiff or any of the putative class members he purports to represent without appropriate compensation.

29.     To the extent Plaintiff or the putative class members he purports to represent worked any uncompensated time, Defendant lacked actual or constructive knowledge of such work.

30.     All or part of the time for which Plaintiff or the putative class members he purports to represent seeks compensation does not constitute compensable working time.

31.     The claims of Plaintiff and/or members of the putative class he purports to represent are barred, in whole or in part, by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

32.     Defendant requests that Plaintiff and/or members of the putative class he purports to represent specifically plead the amount of damages they are seeking.

33.     Defendant gives notice that it intends to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery in this case.  Defendant reserves the right to amend its Answer; to add additional affirmative or other defenses; to delete or withdraw affirmative or other defenses; and to add such counterclaims as may become necessary after a reasonable opportunity for discovery.

WHEREFORE, Defendant respectfully prays that on trial or other appropriate hearing, the Court grant a take nothing judgment in favor of Defendant and dismiss all of Plaintiff's causes of action with prejudice.  Defendant further seeks any other relief, including attorneys' fees where applicable, to which it shows itself to be justly entitled.

Respectfully submitted,

/s/ William L. Davis
William L. Davis, Esq.
State Bar No. 05563800
davisw@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH:  (214) 520-2400
FX:  (214) 520-2008

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas on May 2, 2014, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Melissa Moore, Esq.
Curt Hesse, Esq.
Moore & Associates
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas  77002
PH:  (713) 222-6775
FX:  (713) 222-6739


/s/ William L. Davis
William L. Davis, Esq.